# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth Daywitt, Russell Hatton, Steven Hogy, Merlin Adolphson, Michael Whipple, and Peter Lonergan, | Case No. 20-CV-1743 (NEB/KMM) |
| Plaintiffs, | **DEFENDANTS' PROPOSED SCHEDULING RECOMMENDATIONS** |
| vs. | |
| Jodi Harpstead, et al., | |
| Defendants. | |

Defendants submit these proposed scheduling recommendations pursuant to the Court's Order for Scheduling Recommendations (Doc. 80).

## DESCRIPTION OF CASE

1. **Factual Summary of Plaintiffs' Claims**

Plaintiffs are all civilly committed to the Minnesota Sex Offender Program and reside at its secure treatment facility in Moose Lake. Plaintiffs claim Defendants' policy of not permitting clients residing in the secure treatment facility to access the internet (and other "modern technologies") violates the First Amendment. Plaintiffs specifically claim that MSOP's policies on "Client C-Mail," "Client Computer Network," and "Video Visiting" are unconstitutional, and their Amended Complaint seeks various forms of relief.

The Court has dismissed Plaintiffs' First Amendment right of access to the courts and Fourteenth Amendment substantive due process claims. (Docket No. 76.) It has also dismissed Plaintiffs' claims seeking civil damages against Defendants in their individual or official capacities. *Id*.

2. **Factual Summary of Defendants' Defenses**

Defendants deny that MSOP's policy of prohibiting clients from accessing the internet within the secure treatment facility violates Plaintiffs' constitutional rights and specifically deny that the three MSOP policies referenced above are unconstitutional. As

civilly committed persons residing in MSOP's secure treatment facility, Plaintiffs do not have a constitutional right to access the internet (or other "modern technologies").

3. **Statement of Jurisdiction**

    The Court has federal question subject matter jurisdiction over Plaintiffs' constitutional claims under 28 U.S.C. § 1331.

4. **Summary of Factual Stipulations or Agreements**

    The parties have not reached any factual stipulations or agreements.

5. **Statement of Whether Jury Trial Has Been Timely Demanded**

    Plaintiffs and Defendants have each timely requested a jury trial.

6. **Statement of Whether All Process Has Been Served**

    All process has been served or service waived.

7. **All Insurance Carriers/Indemnitors, Including Limits of Coverage of Each Defendant or Statement That the Defendant is Self-Insured**

    Not applicable.

## DISCOVERY SCHEDULE DEADLINES

Defendants propose that fact discovery shall be commenced in time to be completed on or before March 1, 2022.

## DISCOVERY LIMITATIONS

Defendants propose the following limitations on the use of written discovery:

No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side. No more than 25 document requests and no more than 25 requests for admissions shall be served by each side. Defendants do not presently anticipate the need for any Rule 35 medical examinations.

## OTHER CASE MANAGEMENT RECOMMENDATIONS

Defendants propose each side be allowed to take no more than eight non-expert depositions.

## EXPERTS

Defendants anticipate calling two to four experts (one to two experts in the field of sex offender treatment and one to two experts in the field of internet technology). Defendants propose the following with respect to experts:

1. Expert disclosures as required under Rule 26(a)(2) shall be made by:

   a. May 1, 2022 for initial experts who may testify at trial on a party's behalf.

   b. June 1, 2022 for experts who may testify in rebuttal to any initial expert.

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by July 1, 2022.

## NON-DISPOSITIVE MOTION DEADLINES

Defendants propose the following recommendations with respect to non-dispositive motions:

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before September 15, 2021.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before March 31, 2022.

3. Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before August 1, 2022.

## DISPOSITIVE MOTION DEADLINES

Defendants propose that all dispositive motions shall be filed, served, and scheduled for hearing on or by September 1, 2022.

## TRIAL

The parties have not agreed to consent to the exercise of jurisdiction by the Magistrate Judge pursuant to 28 U.S.C § 636(c).

Defendants propose that this case shall be ready for trial on October 3, 2022. The anticipated length of jury trial is 3 days.

Dated: August 16, 2021.				Respectfully submitted,

				KEITH ELLISON
				Attorney General
				State of Minnesota

				**s/ Peter J. Shaw**
				PETER J. SHAW
				Assistant Attorney General
				Atty. Reg. No. 0390720
				peter.shaw@ag.state.mn.us

				AARON WINTER
				Assistant Attorney General
				Atty. Reg. No. 0390914
				aaron.winter@ag.state.mn.us

				445 Minnesota Street, Suite 1400
				St. Paul, Minnesota 55101-2131
				(651) 757-1024 (Voice)
				(651) 282-5832 (Fax)

				*ATTORNEYS FOR DEFENDANTS*