UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kenneth S. Daywitt, David Jannetta, Steven Hogy, Merlin Adolphson, Michael Whipple, Peter Lonergan, and Russell Hatton,<br><br>Plaintiffs,<br><br>v.<br><br>Jodi Harpstead, Marshall Smith, Nancy Johnston, Jim Berg, Jannine Herbert, Kevin Moser, Terry Kniesel, and Ray Ruotsalainen,<br><br>Defendants. | Case No. 20-cv-1743 (NEB/HB)<br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiffs' Motion to Allow Weekly Communication Via Video-Teleconferencing [ECF No. 199]. After the lawsuit was filed, Plaintiff Daywitt moved from the Moose Lake facility, where the other plaintiffs reside, to the secure treatment facility at St. Peter. Because Plaintiffs are separated, they currently must rely on postal service to communicate and coordinate with each other about this litigation. They ask for an order directing Defendants to allow them to have weekly video conferences or, in the alternative, weekly telephone conferences, "to allow for them to effectively litigate, prepare for trial, the specifics of the above-captioned case." (*Id.* at 1.) Without this accommodation, the Plaintiffs argue that their ability to litigate this case is unduly prejudiced.

1

Defendants object to the motion on the ground that it is not brought under or recognized by any rule of civil procedure. (Defs.' Mem. Opp. at 2 [ECF No. 214] (citing *Flowers v. Eli Lilly & Co.*, Case No. 3:14-cv-0094-LRH, 2014 WL 5822845, at *6 (D. Nev. Nov. 7, 2014).) In the alternative, because the motion seeks to order the Minnesota Sex Offenders Program (MSOP) to do something, Defendants construe the filing as a motion for a preliminary injunction. (Defs.' Mem. Opp. at 2.) They argue the motion should be denied because 1) the relief sought lies "wholly outside the issues in the suit," *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 202 (1945), and 2) the *Dataphase*[1] factors weigh against granting any injunctive relief.

While it is true that the motion asks the Court to direct action on the part of Defendants, because the motion seeks action on the part of Defendants that relates to the litigation process, the Court does not view this motion as a request for a preliminary injunction. That said, the Court has previously ruled that Plaintiffs have no constitutional right to demand that Defendants give them special accommodations for the purpose of enabling them to effectively litigate their case. (*See* Mar. 23, 2022 Order at 8 [ECF No. 228]); *see also Lewis v. Casey*, 518 U.S. 343, 355 (1996). To the extent they complain their confinement is impacting their litigation abilities, that "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* Moreover, Plaintiffs acknowledge their ability to coordinate this litigation can be achieved through use of the postal service, slower as it may be. (Pls.'

---

[1] *Dataphase, Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

2

Mot. at 1), and Plaintiff Daywitt told Defendants' counsel that he is able to communicate with plaintiffs at the Moose Lake facility by asking a third-party to leave a voicemail (Shaw Decl. ¶ 2 [ECF No. 215].)  As for Plaintiffs' expressed concern that MSOP's mail policy might give Defendants access to mail sent between the Plaintiffs or that materials sent from the Moose Lake Plaintiffs to Daywitt at the St. Peter facility will be flagged as contraband due to the restrictions on transfers of property,[2] Plaintiffs have not provided evidence of any actual disruption to or interference with their communications about this case that would substantiate these concerns.

However, the Court as well as the parties have an interest and an obligation under Rule 1 of the Federal Rules of Civil Procedure to manage the litigation in such as to further the "just, speedy, and inexpensive" resolution of the lawsuit.  The potential delays inherent in confining all litigation-related communication to the mails are of concern to the Court as this matter nears the end of discovery and approaches dispositive motion practice.  But against that, of course, must be balanced the public interest in deferring to officials charged with responsibility for overseeing secure facilities such as MSOP, which responsibility includes the development and administration of rules and protocols that are important to the mission and security of the facility.  *See Senty-Haugen v. Goodno*, 462 F.3d 876, 887 (8th Cir. 2006) (stating that "federal courts are to give deference to state

---

[2] *See* Pls.' Mot. at 2; Pls.' Mem. Supp. Mot. at 2 [ECF No. 200]; and MSOP Division Policy 420-5035, "Client C-Mail" located at ECF No. 62-1 Ex. C.  Section G(1) contains the restriction on transfers of property between MSOP clients.

officials managing a secure facility" when analyzing the *Matthews v. Eldridge*, 424 U.S. 319 (1976) factors).

Taking all of these considerations into account, the Court does not find that Plaintiffs have demonstrated a need for *weekly* teleconferences.  The Court notes that Daywitt and a different group of co-plaintiffs asked for, and received, a court order in a separate case that they be allowed a *monthly* teleconference.  *See Daywitt, et al. v. Harpstead, et al.,* Case No. 21-cv-1848 (WMW/DTS) (Oct. 26, 2021 Order [ECF No. 25]).  Plaintiffs have not indicated in that case or in this one that the accommodation was not adequate, nor have Defendants indicated it has been impracticable to administer or unduly interfered with their ability to operate the facilities.  The Court finds it appropriate here to issue a similar order.

Accordingly, based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Allow Weekly Communication Via Video-Teleconferencing [ECF No. 199] is **GRANTED IN PART AND DENIED IN PART**.  The named Plaintiffs in this matter shall be allowed one 60-minute video or telephone conference call each month during the remainder of this lawsuit.

Dated: May 2, 2022

                                        *s/ Hildy Bowbeer*
                                        HILDY BOWBEER
                                        United States Magistrate Judge